J.S17031/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEAN C. PAGAN-ROSARIO | : | |
| | : | |
| Appellant | : | |
| | : | No. 1285 WDA 2015 |

Appeal from the Order Entered August 5, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0003329-2011

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 6, 2016**

Appellant, Jean C. Pagan-Rosario, appeals *pro se* from the order entered in the Erie County Court of Common Pleas dismissing his third petition[1] filed pursuant to the Post Conviction Relief Act[2] ("PCRA"). He argues the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) entitles him to relief. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant titled his filing "motion to vacate judgment of sentence, and/or in the alternative petition to set aside his mandatory minimum sentence pursuant to ***Alleyne v. United States***, nunc pro tunc." Appellant challenged the legality of his sentence; therefore, the PCRA court properly considered his motion as a PCRA petition. ***See*** 42 Pa.C.S. § 9543(a)(2)(vii).

[2] 42 Pa.C.S. §§ 9541-9546.

On September 9, 2012, Appellant pleaded guilty to possession with intent to deliver a controlled substance.[3] On November 20, 2012, the trial court imposed a mandatory sentence of 60 to 120 months' imprisonment pursuant to 42 Pa.C.S. § 9712.1(a).[4] Appellant did not file a direct appeal. On January 22, 2013, Appellant filed his first, timely PCRA petition.[5] The PCRA court appointed counsel, whom the court permitted to withdraw.[6] The PCRA court dismissed the petition on May 28, 2013, and Appellant did not file an appeal. Appellant filed his second, timely PCRA petition, *pro se*, on October 15, 2013. Appellant retained private counsel, who filed an amended petition on October 23, 2013. The PCRA court dismissed the petition on November 19, 2014, and this Court affirmed. *Commonwealth v. Pagan-Rosario*, 220 WDA 2014 (Pa. Super. Oct. 6, 2014) (unpublished memorandum).

---

[3] 35 P.S. § 780-113(a)(30).

[4] In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), this Court held that the decision in *Alleyne* rendered the mandatory minimum sentence at Section 9712.1 unconstitutional. *Newman*, 99 A.3d at 103. The *Newman* Court observed that the defendant was entitled to retroactive application because his "case was still pending on **direct appeal** when *Alleyne* was handed down[.]" *Id.* at 90 (emphasis added).

[5] Appellant filed a "motion for modification of sentence" which the PCRA court treated as a timely PCRA petition.

[6] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On July 7, 2015,[7] Appellant filed the petition that gives rise to the instant appeal. Therein, he argued, *inter alia*, his sentence is unconstitutional under **Alleyne**. **See** Appellant's Pet., 7/7/15, at 3 (unpaginated). The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and an accompanying opinion on July 22, 2015. Appellant filed a reply on August 3, 2015, and the PCRA court dismissed the petition on August 5, 2015. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant raises three issues,[8] but we discern that the gravamen of his argument is that the PCRA court erred when it determined

---

[7] The petition was filed on July 9th; however the certified record indicates a post-marked date of July 7th. Therefore, we consider the petition filed on that date. **See Commonwealth v. Bradley**, 69 A.3d 253, 254 n.3 (Pa. Super. 2013).

[8] Appellant's questions presented, verbatim, read:

> I. Was petitioner unconstitutionally denied by a state court, the retroactive relief and application of U.S. Supreme Court decisions, "United States v. Alleyne, Greer, Johnson, Shavers, Booker; denied the application of Marbury v. Madison, Testa v. Katt; the Harper Rule pursuant to Article VI. Clause 2. "The Supremacy Clause," nunc pro tunc?

> II. Whether the state court by its refusal to apply the decisions Alleyne-Apprendi, via the Supremacy Clause to Appellant's case nunc pro tunc, was tantamount to a state court committing a unconstitutional structural defect?

> III. Whether Appellant's sentence is illegal?

that Appellant was not entitled to resentencing based on **Alleyne**.[9] **See** Appellant's Brief at 7-15. He posits, "the Supreme Court's [d]ecision of **Alleyne** is . . . both binding on [e]very Pennsylvania/State Court, and is to be applied retroactively to every case that comes before it. . . . It is reaffirmed herein, that this State Court cannot decline jurisdiction." **Id.** at 11. We disagree.

Our review is limited to whether the findings of the PCRA court are supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Our standard of review over the PCRA court's legal conclusions is *de novo*. **Id.**

However,

> [b]efore we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. . . . However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S.[] §

---

Appellant's Brief at 3 (underlining omitted).

[9] As Appellant is *pro se*, we may liberally construe the argument he raises. **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014), *cert. denied*, 135 S. Ct. 2817 (2015). However, "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." **Id.** Appellant's brief is largely incoherent. We address the argument fairly conveyed in his brief. **See id.**

9545(b)(1)(i), (ii), and (iii) are met. The PCRA provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this chapter and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.[] § 9545(b).

*Id.* at 992-93 (quotation marks and some citations omitted).

This Court has considered whether *Alleyne* entitles an untimely PCRA petitioner to relief under Section 9545(b)(1)(iii):

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Miller*, 102 A.3d at 995 (citations omitted).

Instantly, the trial court sentenced Appellant on November 20, 2012, and he did not file a direct appeal. Therefore, his judgment of sentence was final on December 20, 2012. *See* 42 Pa.C.S. § 9545(b)(2); Pa.R.A.P. 903(a). Appellant filed the instant petition on July 7, 2015, and it is facially untimely. Appellant's position is that *Alleyne* applies retroactively. Appellant's Brief at 8. However, *Miller* held that *Alleyne* does not meet Section 9545(b)(1)(iii)'s exception to the time-bar. *Miller*, 102 A.3d at 995. Therefore, the PCRA court correctly dismissed Appellant's untimely PCRA petition, and we affirm. *See id.* at 992, 995.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016